In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Bruce B. JACOBSON, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Bruce B. JACOBSON,
Respondent.

Supreme Court

*No. 2004AP753–D. Decided June 14, 2005.*

2005 WI 76

(Also reported in 697 N.W.2d 831.)

620

¶ 1. PER CURIAM. We review the findings of fact, conclusions of law and recommendation of Referee Curry First recommending that Attorney Bruce B. Jacobson be publicly reprimanded for failing to provide one client with a full accounting of funds collected and in failing to act with reasonable diligence and promptness in representing clients in a second action.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We also agree with the referee's conclusions of law, and we agree that the appropriate discipline for the misconduct is a public reprimand. In addition, we agree with the referee that the costs of the proceeding, which are $9355 as of March 28, 2005, should be assessed against Attorney Jacobson.

¶ 3. Attorney Jacobson was admitted to practice law in Wisconsin in 1971 and practices in Milwaukee. His license to practice law in Wisconsin was suspended for a period of five months, effective January 27, 2005, for misconduct consisting of failing to provide his client with requested information about the status of his trust account and misrepresentation in communications regarding transfer of fees from the trust account. *In re Disciplinary Proceedings Against Jacobson,* 2004 WI 152, 277 Wis. 2d 120, 690 N.W.2d 264. In addition to the five-month suspension, the following monitoring and reporting requirements were imposed: (1) for a period

of two years following the suspension, semi-annual reports are to be submitted by Attorney Jacobson's psychiatrist or other healthcare provider, as approved by the Office of Lawyer Regulation (OLR), concerning the state of his psychological condition insofar as it might impair his practice of law; (2) for a period of two years following the date of his reinstatement, Attorney Jacobson's practice of law shall be monitored by an OLR-approved attorney on a schedule set by the OLR; (3) for a period of two years after reinstatement Attorney Jacobson shall provide the OLR with quarterly reports, in a manner satisfactory to the OLR, concerning his trust account record keeping. The referee in the instant case has recommended that these reporting and monitoring requirements be increased from two years to three years. We agree with that recommendation.

¶ 4. In March 2004, the OLR filed a complaint alleging that Attorney Jacobson engaged in professional misconduct with respect to his handling of two client matters. The first matter involved Robert M. and his wife, Roxane. In or about 1989, the couple retained the Milwaukee law firm of Hiller & Frank, where Attorney Jacobson then practiced law, to represent them regarding civil claims against Dennis H. In October 1991, Robert M. stipulated to accept an $18,000 settlement in the case, which was to be paid in installments of at least $300 per month for a period of 60 months.

¶ 5. The Hiller & Frank law firm dissolved in 1994, and Attorney Jacobson established a private solo practice. He continued to handle the collection of the stipulated settlement from Dennis H. Attorney Jacobson collected various amounts from Dennis H. and disbursed some amounts to Robert M. and some amounts to himself. The OLR's complaint alleged that Attorney Jacobson and Robert M. disagreed on the fee

arrangements concerning the collection proceeds. There was no written fee agreement. The complaint also alleged that Robert M. never received a billing statement from Attorney Jacobson and had no idea what the fees were. In addition, Attorney Jacobson has no billing statements or other documentation to establish that he notified Robert M. prior to making any withdrawals from the settlement proceeds.

¶ 6. Robert M. filed a grievance against Attorney Jacobson in October 2001. The OLR's complaint alleged that Attorney Jacobson said "the fee arrangement was changed four times, from an hourly fee, to a 1/3 fee, then to a 2/3 fee, and finally to a 3/3 fee, and that Robert M. agreed to those changes." However, Attorney Jacobson has no documentation of Robert M.'s purported assent to these changes in the fee arrangement.

¶ 7. Although the OLR's complaint had alleged five counts of misconduct with respect to Attorney Jacobson's handling of the Robert M. matter, the referee found that only one of those counts had been proven, that is by failing to provide Robert M. with a full accounting of the funds that he collected in the matter, despite Robert M.'s repeated requests between 1998 and 2003, Attorney Jacobson violated SCR 20:1.15(b).[1]

---

[1] SCR 20:1.15(b) provides:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

¶ 8. The other misconduct alleged in the OLR's complaint involved Attorney Jacobson's handling of a medical malpractice claim for Robin E. and John E. The couple retained Attorney Jacobson to represent them and their son after their son was born with severe brain damage. The couple alleged that the doctor and the hospital were negligent in treating the wife and son during the birth.

¶ 9. In October 1998, Attorney Jacobson filed a lawsuit against two doctors, a hospital, the couple's health insurance carrier, and the Wisconsin Patients Compensation Fund. Attorney Jacobson failed to respond to interrogatories in the case and failed to provide opposing counsel with a written list of witnesses as required by the circuit court's scheduling order. Attorney Jacobson neither sought an extension of time nor sought to amend the scheduling order.

¶ 10. The hospital filed a motion for summary judgment based on Attorney Jacobson's failure to name expert witnesses and his failure to comply with the scheduling order. One of the doctors also filed a motion for summary judgment based on Attorney Jacobson's failure to prosecute the case. The Wisconsin Patients Compensation Fund filed a motion to dismiss based on Attorney Jacobson's failure to prosecute and his failure to comply with the court's scheduling order.

¶ 11. The trial court scheduled the motions for a hearing on April 17, 2000. The hearing date was subsequently rescheduled to June 5, 2000. On May 25, 2000, Attorney Jacobson informed defense counsel that he had suffered a heart attack earlier that month and he asked that the hearing be rescheduled again. The hearing was then set for July 7, 2000. The scheduling order had provided that the parties were to complete all discovery by June 23, 2000. Attorney Jacobson failed to

conduct any discovery between April 28, 1999 and June 23, 2000. Attorney Jacobson appeared at the July 7, 2000 motion hearing and requested an adjournment so the plaintiffs could retain new counsel.

¶ 12. In September 2000, the plaintiffs' new attorney filed a memorandum in opposition to the motions for dismissal and an affidavit from Attorney Jacobson saying he had verbally disclosed to defense counsel that the plaintiffs would rely on testimony from a specific OB/GYN and that he also advised defense counsel of that doctor's opinions and anticipated testimony.

¶ 13. After a hearing on October 23, 2000, the trial court denied the defendants' motions to dismiss, but it noted Attorney Jacobson's failure to prosecute the case and said Attorney Jacobson's failure to name witnesses, itemize damages, provide a special permanency report, and conduct discovery "does strike me as egregious. It is thirteen months of contempt as far as I can see." While the trial court denied the motions to dismiss, it sanctioned the plaintiffs and limited them to one expert witness on the issue of causation. The court also ordered the plaintiffs to pay the costs of the defendants' motions, including reasonable attorney's fees. It further ordered Attorney Jacobson to pay various costs. The plaintiffs subsequently filed a malpractice suit against Attorney Jacobson, and his insurance carrier settled the claim for $990,000.

¶ 14. The OLR's complaint alleged, and the referee agreed, that by failing to name witnesses, failing to itemize damages, failing to provide a special permanency report, failing to respond to interrogatories, and failing to conduct discovery, Attorney Jacobson failed to

act with reasonable diligence and promptness in representing a client in violation of SCR 20:1.3.[2]

¶ 15. A hearing was held before the referee on November 12, 2004. The referee issued his report on March 7, 2005. While the OLR's post-hearing brief had argued for a 90–day suspension of Attorney Jacobson's license, consecutive to the five-month suspension that commenced January 27, 2005, the referee concluded that a public reprimand, coupled with increasing the two-year reporting and monitoring requirements ordered in the earlier disciplinary action to three years would appropriately serve the public protection interest.

¶ 16. A referee's findings of fact are to be affirmed unless they are clearly erroneous. *In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. The record supports the referee's findings of fact and conclusions of law and we adopt them.

¶ 17. We also agree with the referee's recommendation that a public reprimand, along with increasing the reporting and monitoring requirements from two years to three years and requiring Attorney Jacobson to pay the full costs of the proceeding, is an appropriate level of discipline to impose for the misconduct at issue in this case.

---

[2] SCR 20:1.3 provides: Diligence. "A lawyer shall act with reasonable diligence and promptness in representing a client."

¶ 18. IT IS ORDERED that Attorney Bruce B. Jacobson is publicly reprimanded for his professional misconduct as determined in this matter.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Bruce B. Jacobson pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of an inability to pay those costs within that time, the license of Attorney Bruce B. Jacobson to practice law in Wisconsin shall be suspended until further order of the court.

¶ 20. IT IS FURTHER ORDERED that for a period of three years from January 27, 2005, semi-annual reports shall be submitted by Attorney Jacobson's psychiatrist or other healthcare provider, as approved by the OLR, concerning the state of his psychological condition insofar as it might impair his practice of law. The first such report shall be filed six months after the date of his suspension.

¶ 21. IT IS FURTHER ORDERED that for a period of three years following the date of his reinstatement to practice law, Attorney Jacobson's practice of law shall be monitored by an OLR-approved attorney on a schedule set by the OLR.

¶ 22. IT IS FURTHER ORDERED that for a period of three years after his reinstatement Attorney Jacobson shall provide the OLR with quarterly reports, in a manner satisfactory to the OLR, concerning his trust account record keeping. These reports shall commence three months after the date of reinstatement.